UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID M. SHIPP,

Plaintiff,

-against-

DOROTHY FINK, ACTING SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,

Defendant.

25-CV-0978 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, alleging that his former employer discriminated against him based on his race and religion. Named as Defendant is former Acting Secretary of the United States Department of Health and Human Services ("HHS") Dorothy Fink. By order dated February 14, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

### A. Plaintiff's submissions

Plaintiff brings his claims using this court's Employment Discrimination Complaint form (ECF 1); this court's general complaint form (ECF 1-1); a 13-page single-spaced document labeled "New Developments Pending and Burnett v. New York Central Railroad Co., 380 U.S. 424, at 78 (1965)" (ECF 6); a 10-page, single-spaced document labeled "Some Background" (ECF 7); and a 19-page, single-spaced unlabeled document (ECF 10). The following allegations are gleaned from those documents. Plaintiff, who resides in Montgomery, Alabama, was formerly employed at the Pacific Regional Laboratory and Northeast Regional Laboratory, facilities for which Plaintiff provides a Bothell, Washington, address, and New York, New York, address, respectively. These facilities appear to be laboratories of the Food and Drug Administration ("FDA").[1] On November 21, 2006, the FDA terminated Plaintiff's employment.

---

[1] Although Plaintiff appears to describe the building at 26 Federal Plaza, New York, New York, as a laboratory, that building appears to be a regional office of HHS.

On March 13, 2023, Plaintiff requested counseling with the agency's Equal Employment Officer ("EEO"). On July 13, 2023, he made an "amended request" with "updated material." (ECF 1, at 5.) He states that his request was "last filed" on December 12, 2024. (*Id.*) On the first complaint form, Plaintiff asks that "[d]ue to the extensive number of facts to include," he would like to file a separate document to provide his facts. (*Id.*) As relief, Plaintiff states that he would like the Defendant to re-employ him and an injunction "to compel the Department's EEO office to . . . move forward with a July 13, 2023 amended request for EEO counseling and to enjoin the government from unlawful action that has kept me away from my position with the federal service since November 21, 2006." (*Id.* at 6.)

In the second complaint form included in Plaintiff's initial submission, he checks off boxes to invoke the Court's federal question and diversity of citizenship jurisdiction. In response to the question asking which of his federal constitutional or federal statutory rights have been violated, Plaintiff writes,

> 28 USC and Fifth Amendment, deprived of property interest in continued employment by federal government without due process of law[;] Fifth Amendment and subjugation to double jeopardy; subjugation to property seizure. Equal protection; 5 USC 4302; 42 USC 2000e-6(b); 5 CFR 430; Article 30 of CBA; Article 31 of CBA[;] March 31, 2006 EEO settlement agreement; mediation plan; MD-110; 29 CFR 1601; 26 CFR 1614[.]

(ECF 1-1, at 2.)

Plaintiff states that the events giving rise to his claims occurred on October 19, 2006, and November 21, 2006. In the statement of facts in the second complaint form, Plaintiff again explains that, "[d]ue to the extensive amount of material to write" about the history of this case, he would like to file additional documents. (*Id.* at 5.) Plaintiff asks the Court to direct Defendant "to move forward with his July 13, 2023 amended email request for EEO counseling." (*Id.*) He states,

> As the government moved unilaterally to displace the Plaintiff from his position within federal service on November 21, 2006, starting with an action close in time to October 19, 2006, the Plaintiff seeks to enjoin the government from this November 21, 2006 action, while this action is being resolved by this Court. The unilateral nature of the government's action should have deprived the [Merit Systems Protection Board "MSPB"] of what normally would have been its subject matter jurisdiction over that November 21, 2006 action under an authority granted to it under 5 USC 4303(e)(2), as the November 21, 2006 action should have been rendered void by the government's lack of compliance with key pieces of 5 USC 4302, 5 CFR 430, Article 30 of a CBA, Article 31 of a CBA in the manner described [in the PDF files Plaintiff planned to file].

(*Id.*)

In Plaintiff's first appendix to the complaint (ECF 6), he describes his various experiences in litigating his employment claims in administrative hearings and in various federal courts over the past 20 years, and how his rights were allegedly violated in the course of those proceedings. The discussion is also filled with various legal citations, many of which appear irrelevant to the discussion or to any claims he may be seeking to assert. That document begins,

> The government forfeited in this case on multiple different circumstances, in its agency guide, but tried to come forth with affirmative defenses to reach final decisions in this case, it ins guide as the EEOC, although bringing itself at odds with itself, see Briones v. Runyon, 101 F.3d 287, 291 (2nd Cir. 1996) citing Girard v. Rubin, 62 F.3d 1244, 1248 (9th Cir. 1995) ("When a government employee seeks to pursue a claim of discrimination under Title VII or the ADEA, the government cannot be at war with itself; protean through it may sometimes be, it cannot in its EEOC form say that the employee may go forward, while in its IRS form it says he may not"). Each time the Plaintiff appeared at the OFO component of the EEOC, the government never appeared as a party, in its agency guise, thus forfeiting as a party, see Trinity Cariton Co. v. Falstaff Brewing Corp., 767 F.2d 184, 192 n. 13 (5th Cir. 1985) ("[e]ach party has an affirmative duty to allege at the pretrial conference all factual and legal bases upon which the party wishes to litigate in the case"). All of the final decisions by the government in its EEOC guise resolved this case on procedural grounds that were separate from the merits of this case, under the erroneous presumption that the MSPB had subject matter jurisdiction over Plaintiff's case under 5 USC 4303(e)(2). The final decisions of the EEOC also never resolve any of the issues or claims in this case presented, as presented by the Plaintiff in his filings to them, see Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 630 (2nd Cir. 1991) ("[a]bsent an explanation by the district court, we have no basis for conducting meaningful review of the district court's exercise of its discretion").

(ECF 6, at 1.)

Plaintiff

> filed a civil complaint in the US District Court for the Western District of Washington by September 30, 2008 following an August 29, 2008 decision from the EEOC. Judge Jones of the [district court] would then abuse his discretion in the Plaintiff's case by applying Rule 12(b)(6) and summary judge in the Plaintiff's case in place of Rules 8(c), 12(c), and 15, see Burton v. Ghish, 961 F.3d 960, 964 (7th Cir. 2020) ("Federal Rules of Civil Procedure 8(c), 12, and 15 prescribe the processes for raising affirmative defenses and considering untimely affirmative defenses")."

(*Id.* at 2-3.) Plaintiff maintains that HHS did not properly respond to his complaint in the district court or in the Ninth Circuit Court of Appeals, thereby making it "eligible for a default judgment against it. (*Id.* at 3.)

Examples of other allegations in Plaintiff's first appendix include,

> The second effort at the EEOC by the Plaintiff was based in part on the change in law created by Kloeckner v. Solis, 568 U.S. 41 (2012), based on the authenticity of the July 16, 2007 document, and based on its lack of consideration . . . . The Defendant would then again become eligible for a default judgment against it by failing to enter an appearance in the record at the EEOC, in relation to this second effort by the Plaintiff. . . . The Plaintiff then pursued a third civil action at the US district court, starting on April 14, 2014, again based on the change in law created by Kloeckner v. Solis, 568 U.S. 41 (2012) and based on the authenticity of the July 16, 2007 document, while against justifying his action there with both Downey v. Runyon, 160 F.3d 139 (2nd Cir. 1998), along with [Kloeckner]." (Id. at 5.) However, "Judge Jones would then abuse his discretion in the Plaintiff's case by applying Rule 12(b)(6) and summary judge in the Plaintiff's case in place of Rules 8(c), 12(c), and 15, in order to hold that the US district court lacked subject matter jurisdiction over the Plaintiff's case, despite the Defendant's eligibility for a default judgment against it.

(*Id.* at 6.)

> It's the government that's been obstructing justice in the Appellant's case ever since he was first forced into participating in protected EEO activity back on January 09, 2004. Other than the March 9, 2024 US district court order dismissing Appellant's case with prejudice being an overly harsh response to the Appellant inadvertence that was the result of his confusion about how to proceed with his case, when the government, in its agency guise, EEP office would not move forward with his case after July 13, 2023 by directing the agency to reconsider its May 17, 2023 decision based off the assigning the Appellant's case the case

> number required of him by the government, it its EEOC guise, concerning this March 17, 2023 request for EEO counseling from the Appellant, the US district court decision was based on a number of factual flaws that included a remark that the Appellant had filed a civil complaint on August 01, 2023 and then sought to file an amendment to a civil complaint on August 11, 2023, all as it was disregarding the Appellant's pending motions. . . .

(*Id.* at 10.)

> That July 27, 2023 email to the US district court below from the Appellant showed this July 13, 2023 series of email exchanges among the Appellant, the government in its department guise, and the government in its EEOC guise. The Appellant is shown requesting that the government in its department guise to reconsider its May 17, 2023 decision in its agency guise in response to the Appellant's March 17, 2023 email request for EEO counseling . . .; this opportunity to request that the government reconsider his March 17, 2023 email request for EEO counseling was created for the Appellant, after the government in its EEOC guise had effectively remanded the Appellant's appeal back to the government in its agency guise and back to the Appellant directed the Appellant to obtain an agency assigned case number for his case but had included comments that appealing to the government again in its EEOC guise might be a futile effort for the Appellant . . . .

(*Id.* at 10-11.)

Plaintiff's second and third appendices (ECF 7, 10) are similar in nature and content to his previous submissions.

**B. Plaintiff's litigation history**

As Plaintiff's submissions in this case suggest, he has been litigating similar, if not identical, claims arising from his 2006 termination from HHS for the better part of twenty years. *See, e.g.*, *Shipp v. Becerra,* No. 1:23-CV-2220 (D.D.C. Mar. 19, 2024) (dismissing Plaintiff's employment discrimination claims against HHS because he failed to file a complaint that complies with basic pleading requirements); *Shipp v. Sebelius*, No. 2:14-CV-0585, 2014 WL 2611302 (W.D. Wash. June 11, 2014) (dismissing Plaintiff's claims seeking review of the MSPB's rejection of claim that HHS breached a 2006 settlement agreement with Plaintiff for lack of subject matter jurisdiction), *aff'd sub nom. Shipp v. Burwell*, No. 16-35176 (9th Cir. Dec.

16, 2016) (finding the questions raised by Plaintiff on appeal "are so insubstantial as not to require further argument"); *Shipp v. Leavitt*, No. 2:08-CV-1460, 2009 WL 10695708 (W.D. Wash. Mar. 2, 2009) (dismissing Plaintiff's challenge to the MSPB's denial of his petition for review of his 2006 termination for lack of subject matter jurisdiction), *appeal dismissed sub nom. Shipp v. Sebelius*, No. 13-35068 (9th Cir. May 31, 2013); *see also Shipp v. Becerra*, No. 8:22-CV-1295, 2023 WL 2537660, at * 3 (D. Md. Mar. 16, 2023) (noting that "Plaintiff has pursued litigation against HHS pertaining to his employment termination (and subsequent applications for reemployment) in multiple judicial and administrative theaters, all of which are a matter of public record and therefore subject to the court's judicial notice").

In *Shipp*, 2023 WL 2537660, Plaintiff brought claims under Title VII in the United States District Court for the District of Maryland, alleging that HHS discriminated against him on the basis of his race when it terminated him in 2006. The court found that

> [i]t is undisputed that Plaintiff, in exchange for $10,000, entered a settlement agreement on July 16, 2007, related to the termination of his FDA employment . . . , which provides in relevant part that: 1) payment of $10,000 was consideration for Plaintiff's 'release of all pending or potential claims . . . arising from his [FDA] employment;' and 2) Plaintiff 'releases and forever discharges HHS and its officers f[rom] any and all claims, actions, causes of action, rights, and/or remedies from any matter arising from his employment with the FDA or HHS . . . .

*Shipp*, 2023 WL 2537660, at *3 (quoting the settlement agreement). The court granted Defendant's motion for summary judgment, holding that, as a result of the settlement agreement, Plaintiff's claims were barred by the doctrine of accord and satisfaction, "which is to say that the claim or claims that Plaintiff seeks to pursue here have been fully and finally discharged by acceptance of the $10,000 settlement payment." *Id.* at *3-4 (citations omitted). The Court of Appeals affirmed. *Shipp v. Becerra*, No. 23-1523 (4th Cir. Oct. 2, 2023).

Several years earlier, the District of Maryland dismissed claims Plaintiff brought under Title VII with respect to a separate incident in which he alleged that HHS discriminated against him on the basis of his race and his prior EEO activity when it refused to hire him in 2010. *See Shipp v. Hargan*, No. 8:17-CV-3365, 2020 WL 1491366 (D. Md. Mar. 27, 2020). With respect to Plaintiff's Title VII claims, the court granted Defendant's motion for summary judgment, finding that, "even considering the record most favorably to Shipp, no reasonable factfinder could conclude that he was not selected on account of race." *Id.* at *7. The court further determined that there was "no evidence" supporting Plaintiff's claims of retaliation. *Id.* at *4. The Court of Appeals affirmed. *See Shipp v. Hargan*, No. 20-1615 (4th Cir. May 1, 2023).

## DISCUSSION

### A. Rule 8

Although *pro se* litigants generally enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (*per curiam*), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A complaint fails to comply with Rule 8(a)(2) if it is 'so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."' *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (citation omitted). Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted).

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial . . . or to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (1988) (citing Fed. R. Civ. P. 12(f)); *see also Shomo v. State of N.Y.*, 374 F. App'x 180, 182 (2d Cir. 2010) (holding that where a complaint "contain[ed] a surfeit of detail . . . the district court was within bounds of discretion to strike or dismiss the complaint for noncompliance with Rule 8"); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (per curium) (affirming dismissal of *pro se* plaintiff's 88-page, legal size, single spaced complaint that "contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension[,] fail[ing] to comply with the requirement of Rule 8"); *Lafurno v. Walters*, No. 18-CV-1935, 2018 WL 2766144, at *3 (E.D.N.Y. June 8, 2018) (dismissing *pro se* plaintiff's 61-page complaint that included a 66-page "memorandum of law" and 157-page "affidavit").

Here, Plaintiff's complaint does not comply with Rule 8 because it does not include a short and plain statement showing that Plaintiff is entitled to relief. His submissions are

confusing, disorganized, repetitive, and cluttered with conclusory statements that lack context and contain unnecessary and irrelevant references to legal authorities. It is unclear to the Court, and would be to any responding defendant, what claims Plaintiff is seeking to assert and the factual basis for those claims. For example, to the extent that Plaintiff is seeking to assert claims that he was discriminated against on the basis of his race and religion (*see* ECF 1, at 3-4), the Court has been unable to identify, in all of Plaintiff's submissions, any allegations suggesting that his race or religion was a motivating factor in any adverse employment decision.

This is not the first time that a court has found that Plaintiff's pleadings do not comply with Rule 8. Most recently, the United States District Court for the District of Columbia, in addressing similar claims regarding Plaintiff's employment at HHS, held,

> As drafted, Plaintiff's Amended Complaint fails to meet even these minimal [pleading] standards. It is a confusing, disorganized pleading, and Defendant reasonably cannot be expected to identify which legal claim(s) Plaintiff intends to bring or to prepare an adequate response. Further, given mention of prior litigation, it is not clear whether any issue or claim plaintiff intends to bring is precluded.

*Shipp v. Becerra*, No. 1:23-CV-2220, ECF 5, at 1 (D.D.C. Jan. 7, 2024); *see also Shipp*, 2020 WL 1491366, at *1 (noting that, instead of amending his complaint as directed by the court, Plaintiff filed "eight pleadings totaling 177 pages in length, those documents were "[v]olumnous and often difficult to decipher," and, rather than respond to the court's order, Plaintiff "persist[ed] in litigating his 2006 claims").

In light of Plaintiff's extensive litigation history and previous court admonitions about his failure to comply with basic pleading standards, the Court finds that he knew or should have known that this complaint did not comply with Rule 8. *See Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where litigant may be charged with knowledge of particular legal requirements).

For these reasons, the Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Despite Plaintiff's history, in an abundance of caution, the Court grants Plaintiff leave to replead claims arising from recent employment in the State of New York in an amended complaint that complies with Rule 8 and addresses the issues discussed below.

**B. Venue**

Plaintiff appears to assert claims for employment discrimination under Title VII. Under Title VII, venue is proper

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).

Here, Plaintiff appears to state that he worked in a laboratory in Bothell, Washington. Orders in Plaintiff's previous actions also indicate that he was employed by HHS in the State of Washington. Although Plaintiff also seems to state that he was employed by HHS at 26 Federal Plaza, in New York, New York, that address is for the New York regional office of HHS. It does not appear that Plaintiff was ever employed there. Moreover, as far as the Court can discern, nothing in Plaintiff's submissions indicates that any alleged unlawful employment practice occurred, or that the records of such a practice are in the State of New York. If Plaintiff files an amended complaint asserting claims under Title VII, he should allege facts demonstrating that venue for such claims is proper in this District.

To the extent Plaintiff seeks to assert claims that fall under the general venue provision, such as claims under 42 U.S.C. § 1981, those claims may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If Plaintiff seeks to being claims that are governed by the general venue statute, he should allege facts demonstrating that venue for those claims is proper in this district.

**C. Preclusion**

To the extent Plaintiff seeks to bring employment discrimination claims under Title VII, those claims may be precluded. Under the doctrine of claim preclusion, also known as "*res judicata*," a litigant may not bring a new case that includes claims or defenses that were or could have been raised in an earlier case in which the same parties were involved if that earlier case resulted in a judgment on the merits. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action – even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 590 U.S. 405, 412 (2020). If a litigant files a new suit and "advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'" *Id.* (quoting *Brown*, 442 U.S. at 131). Claims are treated as the same if they "arise from the same transaction, or involve a common nucleus of operative facts." *Cayuga Nation v. Tanner*, 6 F.4th 361, 375 (2d Cir. 2021) (quoting *Lucky Brand Dungarees*, 590 U.S. at 412 (citations and internal quotation marks omitted)).

Claim preclusion generally applies if "(1) the prior decision was a final judgment on the merits, (2) the litigants were the same parties, (3) the prior court was of competent jurisdiction,

and (4) the causes of action were the same." *In re Motors Liquidation Co.*, 943 F.3d 125, 130 (2d Cir. 2019) (citation and internal quotation marks omitted). Here, to the extent Plaintiff seeks to relitigate Title VII claims arising from his 2006 termination from HHS or the agency's 2010 determination not to rehire him, those claims may be precluded by the previous decisions against Plaintiff in the United States District Court for the District of Maryland. *See Shipp v. Becerra*, No. 8:22-CV-1295, 2023 WL 2537660, at * 3 (D. Md. Mar. 16, 2023) (dismissing Plaintiff's Title VII claims arising from 2006 termination based on the terms of Plaintiff's settlement agreement with HHS); *Shipp v. Hargan*, No. 8:17-CV-3365, 2020 WL 1491366 (D. Md. Mar. 27, 2020) (granting defendant's motion for summary judgment with respect to Plaintiff's Title VII claims arising from its 2010 decision not to rehire Plaintiff).

If Plaintiff seeks to bring Title VII claims in an amended complaint, he must allege facts demonstrating that Defendant has discriminated against him with respect to his employment in the State of New York in incidents separate from those giving rise to his previous cases, or other facts showing that his claims are brought in the correct court and are not precluded from being relitigated.

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Even though the Court finds that

Plaintiff should have known at the time he filed his complaint that it did not comply with basic pleading standards, in an abundance of caution, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above. If Plaintiff files an amended complaint, his claims and factual allegations should be submitted in a single document that complies with Rule 8 by containing a short and plain statement showing that he is entitled to relief. Extensive history, evidence, and citations to legal authority are not necessary at this stage in the litigation.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: June 20, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge