UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID M. SHIPP,

            Plaintiff,

-against-

DOROTHY FINK, ACTING SECRETARY, DEPARTMENT OF HEALTH AND HUMAN SERVICES,

            Defendant.

25-CV-0978 (LLS)

SECOND ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP"). He brought this action under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, alleging that his former employer, the United States Department of Health and Human Services ("HHS"), discriminated against him on the basis of his race and religion. By order dated June 20, 2025, Chief Judge Laura Taylor Swain dismissed the complaint, but granted Plaintiff leave to replead his claims in an amended complaint. Plaintiff filed an amended complaint on June 27, 2025, and the Court has reviewed it. For the reasons set forth below, the Court dismisses this action.

## BACKGROUND

    Plaintiff initiated this action by filing a complaint followed by five lengthy single-spaced submissions which included extensive "background" of his claims and additional factual and legal assertions. (*See* ECF 1, 6, 7, 9, 10, 11.) By order dated June 20, 2025, Chief Judge Laura Taylor Swain dismissed the complaint because it did not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to include a short and plain statement showing that the plaintiff is entitled to relief. (ECF 12.) The court determined that Plaintiff's submissions were "confusing, disorganized, repetitive, and cluttered with conclusory statements

that lack context and contain unnecessary and irrelevant references to legal authorities" and it was "unclear to the Court, and would be unclear to any responding defendant, what claims Plaintiff is seeking to assert and the factual basis for those claims." (*Id.* at 9-10.) Furthermore, despite Plaintiff's assertions that he was discriminated against based on his race and religion, "the Court [was] unable to identify, in all of Plaintiff's submissions, any allegations suggesting that his race or religion was a motivating factor in any adverse employment decisions." (*Id.* at 10.) Chief Judge Swain further noted that Plaintiff had previously brought similar claims in other courts, and other courts have dismissed those claims due to his failure to comply with Rule 8 (*see id.* (citing cases)); that it was unclear whether venue was proper in this District; and that Plaintiff's claims in this action may be precluded by his lengthy history of litigating similar, if not identical, claims.

In an abundance of caution, and notwithstanding Plaintiff's litigation history, the court granted Plaintiff leave to replead his claims in an amended complaint that consists of a single document and complies with Rule 8. The court specifically directed that, in his amended complaint, Plaintiff

> must allege facts demonstrating that Defendant has discriminated against him with respect to his employment in the State of New York in incidents separate from those giving rise to his previous cases, or other facts showing that his claims are brought in the correct court and are not precluded from being relitigated.

(*Id.* at 13.)

Plaintiff's 15-page, single-spaced, amended complaint is similar in form and substance to his prior submissions. The amended complaint begins,

> This filing, probably pursuant to Rule 5(e), is mostly concerning the litigation history of this case so far, with a particular emphasis on the various forfeitures by the government over time, mostly in its guises as the DOJ and the General Counsel's Office for HHS. However, the government, in its guises as the Plaintiff's employing agency's EEO office, along with its repudiation of MD-110, EEOC, and MSPB, which lacked subject matter jurisdiction over the Plaintiff's

> case number 5 USC 4303(e)(2), have each demonstrated a competing agenda of trying to assert affirmative defenses, albeit them invalid, despite the government's forfeitures as the DOJ and general counsel's office, see Briones v. Runyon, 101 F.3d 287, 291 (2d Cir. 1996) citing Girard v. Rubin, 62 F.3d 1244, 1248 (9th Cir. 1995) ("When a government employee seeks to pursue a claim of discrimination under Title VII or the ADEA, the government cannot be at war with itself; protean though it may sometimes be, it cannot in its EEOC form say that the employee may go forward, while in its IRS form it says he may not") and MD-110 at 3-8 reasons "Agencies are required to develop an impartial factual record in accordance with the instructions contained in this Management Directive. See 29 C.F.R. § 1614.108(b). Therefore, agencies must develop procedures for investigating complaints in which it is perceived that the EEOC office would have an actual or perceived conflict of interest."

(ECF 13, at 2.)

Like Plaintiff's previous submissions, the remainder to the amended complaint describes events that occurred over a decade ago and invokes internal memoranda, regulatory decisions, and legal authority, but without alleging any facts suggesting Defendant discriminated against Plaintiff. For example, Plaintiff alleges,

> Illegal conduct was allowed to persist, because the errors of commission by the EEO counselors helped to facilitate the matter and prevent its resolution before it could do tangible legal damage to the Plaintiff's career and reputation. Additional issues related to performance evaluation occurred between February 09, 2006 and November 21, 2006 which created different bases that were supportive of additional temporary restraining orders. The November 21, 2006 action that claimed it was drawing from the authority granted in 5 CFR 432 was based entirely on the February 21, 2006 action which was still illegal on November 21, 2007 and had subsequently been resolved by the March 31, 2006 EEO settlement agreement; however, various errors of commission by the EEO counselors and EEO officers between March 31, 2006 and January 2007 relating to the topic of EEO counseling prevented these issues from being flushed out, at the time, if only for the Plaintiff's request for EEO counseling close in time to October 19, 2006.A particularly special note to a statement from the training manual for EEO counselors and investigators labeled as 'The EEO counselors' and investigators' manual by Hadley, Ernest published 2001' from pages 165 reads, 'A Counselor should be willing to go up the chain of command as necessary to locate a dispassionate party who has the authority and will to try to work out a resolution to the case.'

(*Id.* at 3.)

The amended complaint continues in this manner for 13 single-spaced pages, and ends with the statement, "To be continued." (*Id.* at 15.) Plaintiff does not state the relief he is seeking. Nor does he comply with Chief Judge Swain's prior directive to allege facts explaining why venue for his claims is proper in this District or why the claims he is asserting are not precluded based on his extensive previous litigation.

## DISCUSSION

The Court dismisses the amended complaint for the same reason Chief Judge Swain dismissed the original complaint. The amended complaint does not comply with Rule 8 because it does not include a short and plain statement showing Plaintiff is entitled to relief. Like the original complaint, the amended complaint is "confusing, disorganized, repetitive, and cluttered with conclusory statements that lack context and contain unnecessary and irrelevant references to legal authorities." (ECF 12, at 10.) It is "so confused, ambiguous, vague, [and] otherwise unintelligible that its true substance, if any, is well disguised." *Strunk v. U.S. House of Representatives*, 68 F. App'x 233, 235 (2d Cir. 2003) (summary order) (internal quotation marks and citation omitted). The Court therefore dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms

4

the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## LITIGATION HISTORY AND WARNING

As discussed in detail in Chief Judge Swain's order of dismissal, Plaintiff has been litigating similar, if not identical, claims arising from his 2006 termination from HHS for the better part of twenty years. *See, e.g.*, *Shipp v. Becerra,* No. 1:23-CV-2220 (D.D.C. Mar. 19, 2024) (dismissing Plaintiff's employment discrimination claims against HHS because he failed to file a complaint that complies with basic pleading requirements); *Shipp v. Becerra*, No. 8:22-CV-1295, 2023 WL 2537660, at * 3 (D. Md. Mar. 16, 2023) (dismissing Plaintiff's Title VII claims arising from HHS's allegedly discriminating against him on the basis of race when it terminated him in 2006), *aff'd*, No. 23-1523 (4th Cir. Oct. 2, 2023); *Shipp v. Sebelius*, No. 2:14-CV-0585, 2014 WL 2611302 (W.D. Wash. June 11, 2014) (dismissing Plaintiff's claims seeking review of the Merit Systems Protection Board's ("MSPB") rejection of claim that HHS breached a 2006 settlement agreement with Plaintiff for lack of subject matter jurisdiction), *aff'd sub nom. Shipp v. Burwell*, No. 16-35176 (9th Cir. Dec. 16, 2016) (finding the questions raised by Plaintiff on appeal "are so insubstantial as not to require further argument"); *Shipp v. Leavitt*, No. 2:08-CV-1460, 2009 WL 10695708 (W.D. Wash. Mar. 2, 2009) (dismissing Plaintiff's challenge to

5

the MSPB's denial of his petition for review of his 2006 termination for lack of subject matter jurisdiction), *appeal dismissed sub nom. Shipp v. Sebelius*, No. 13-35068 (9th Cir. May 31, 2013); *see also Shipp v. Hargan*, No. 8:17-CV-3365, 2020 WL 1491366 (D. Md. Mar. 27, 2020) (granting defendant's motion for summary judgment and dismissing Plaintiff's Title VII claims alleging that HHS discriminated against him when it refused to hire him in 2010), *aff'd*, No. 20-1615 (4th Cir. May 1, 2023);

Notably, in *Shipp*, 2023 WL 2537660, Plaintiff brought claims under Title VII in the United States District Court for the District of Maryland, alleging that HHS discriminated against him on the basis of his race when it terminated him in 2006. The court found that

> [i]t is undisputed that Plaintiff, in exchange for $10,000, entered a settlement agreement on July 16, 2007, related to the termination of his FDA employment . . . , which provides in relevant part that: 1) payment of $10,000 was consideration for Plaintiff's 'release of all pending or potential claims . . . arising from his [FDA] employment;' and 2) Plaintiff 'releases and forever discharges HHS and its officers f[rom] any and all claims, actions, causes of action, rights, and/or remedies from any matter arising from his employment with the FDA or HHS . . . .

*Shipp*, 2023 WL 2537660, at *3 (quoting the settlement agreement). The court granted Defendant's motion for summary judgment, holding that, as a result of the settlement agreement, Plaintiff's claims were barred by the doctrine of accord and satisfaction, "which is to say that the claim or claims that Plaintiff seeks to pursue here have been fully and finally discharged by acceptance of the $10,000 settlement payment." *Id.* at *3-4 (citations omitted).

In light of this history, and Plaintiff's continued efforts to file meritless litigation arising from his employment with HHS, the Court warns Plaintiff that, if he continues to file meritless litigation in this court regarding HHS's previous termination of his employment, the Court will issue an order directing him to show cause why he should not be prohibited from filing new civil

actions in this court IFP regarding his past employment at HHS without obtaining permission to file from the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action, filed IFP under 28 U.S.C. § 1915(a)(1), for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

Plaintiff is warned that, if he continues to file meritless litigation in this court regarding HHS's previous termination of his employment, the Court will issue an order directing him to show cause why he should not be prohibited from filing new civil actions in this court IFP regarding his past employment at HHS without obtaining permission to file from the court. *See* 28 U.S.C. § 1651.

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   August 6, 2025
         New York, New York

                                                _____Louis L. Stanton_____
                                                       Louis L. Stanton
                                                           U.S.D.J.