UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID M. SHIPP,

                Plaintiff,

        -against-

DOROTHY FINK,

                Defendant.

25-CV-0978 (LLS)

ORDER

LOUIS L. STANTON, United States District Judge:

Plaintiff brings this action *pro se*. On February 14, 2025, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). (ECF 8.) By order dated August 7, 2025, and entered on the court's docket on August 8, 2025, the Court dismissed this action for failure to state a claim on which relief may be granted. (ECF 14.)

On November 24, 2025, Plaintiff filed two notices of appeal, and, on December 2, 2025, he filed a third notice of appeal. The notices of appeal and record have been transmitted to the United States Court of Appeals for the Second Circuit, where Plaintiff's appeal is pending. *See Shipp v. Fink*, No. 25-2996 (2d Cir.). On January 5, 2026, Plaintiff filed, in this court, an Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis, in which he seeks permission to proceed IFP on appeal. (ECF 30.) The Court denies that motion as unnecessary.

Rule 24(a)(3) of the Federal Rules of Appellate Procedure states that

> [a] party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court . . . certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding.

Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge*

*v. United States*, 369 U.S. 438, 445 (1962) ("'[G]ood faith' in this context must be judged by an objective standard"; that is, when a plaintiff "seeks appellate review of any issue [that is] not frivolous.").

As noted above, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed IFP. The Court did not dismiss the action as frivolous, and has not certified that any appeal would not be taken in good faith or otherwise revoked Plaintiff's IFP status. Because Plaintiff's IFP status has not been revoked, under Rule 24(a), he may proceed IFP on appeal without further authorization from this court. The Court therefore denies Plaintiff's request to proceed IFP on appeal as unnecessary.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP on appeal as unnecessary.

SO ORDERED.

Dated:    January 14, 2026
          New York, New York

_____
LOUIS L. STANTON
U.S.D.J.

2